UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Johnny Lee Scott, #18974-057,

                Petitioner,

    v.

Matthew B. Hamidullah, Warden, FCI-Estill; and United States of America,

                Respondents.

C/A No. 8:05-0719-GRA-BHH

ORDER

This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed September 12, 2005. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. On May 6, 2005 the Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. Petitioner was advised, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The Petitioner filed his response on May 31, 2005. The magistrate treated the motion to dismiss as one for summary judgment and recommends granting the Respondent's summary judgment motion and dismissing the petition.

Petitioner is a federal prisoner currently incarcerated at the Estill Federal

1

Correctional Institution (FCI-Estill) in Estill, South Carolina.  Petitioner is proceeding *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner has filed no objections to the magistrate's Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

The Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Respondent's summary judgment motion is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 6, 2005

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure

3

to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.